# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1577

_____

Bettye Everette,                          *

                         *

          Appellant,      *

                         *   Appeal from the United States

    v.                 *   District Court for the

                         *   Eastern District of Arkansas.

St. Vincent Health System,    *

                         *   [UNPUBLISHED]

         Appellee.       *

_____

Submitted: February 19, 2010
Filed: February 24, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Bettye Everette, an African American female, appeals the district court's[1] adverse grant of summary judgment in her Title VII employment discrimination action against St. Vincent Health System. Reviewing de novo, see Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006), we find no error in the district court's decision, see 42 U.S.C. § 2000e-5(e)(1) (charges must be filed within 180 days of the alleged unlawful employment practice); Klein v. McGowan, 198 F.3d 705, 709 (8th Cir. 1999) (conduct which occurred outside of the statutory period cannot be grounds for

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

suit unless it is part of continuing violation which is systematic or serial; for continuing-violation exception to be available, plaintiff must show sufficient nexus between time-barred instances of harassment and discrimination that was not time-barred); see also Anda v. Wickes Furniture Co., 517 F.3d 526, 531-32 (8th Cir. 2008) (listing elements of prima facie case for hostile work environment claim); Carpenter v. Con-Way Cent. Express, Inc., 481 F.3d 611, 618 (8th Cir. 2007) ("A hostile work environment 'is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment' as viewed objectively by a reasonable person." (quoting Tademe v. Saint Cloud State Univ., 328 F.3d 982, 991 (8th Cir. 2003))).  Accordingly, we affirm.  See 8th Cir. R. 47B.

_____